COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Michele Lee Willis v. Scott R. Ensell

Appellate case number:    01-20-00583-CV

Trial court case number:  2019-72253

Trial court:              80th District Court of Harris County

Appellant prematurely filed a brief on October 13, 2020, before the record had been filed. The brief does not comply with the relevant rules including, but not limited to:

- It contains no citations to the record, *see* TEX. R. APP. P. 38.1(d), (f)-(k)
- It contains no index of authorities, *see* TEX. R. APP. P. 38.1(c)
- The brief is not double-spaced, *see* TEX. R. APP. P. 9.4(d)

Accordingly, the brief is **stricken**. Appellant must file a corrected brief. The deadline for filing this brief is stated below.

Appellee filed a motion to dismiss this appeal in October 2020, on grounds that this Court lacked jurisdiction and that appellant had failed to prosecute the appeal by failing to pay the filing fee and for the clerk's record. Appellant claimed that she had attempted to make payment to the clerk and court reporter but in the wrong amount and at the wrong location. The court reporter responded that she had received a check for the amount for the clerk's record rather than the reporter's record. Once this confusion was clarified, the clerk's record was filed on June 8, 2021. Because the clerk's record has been filed, there is no ground for dismissing the appeal for want of prosecution under TEX. R. APP. P. 42.3.

The clerk's record indicates that the judgment was signed on July 10, 2020. Because the record contains no post-judgment motion extending the date for filing the notice of appeal, the notice was due to be filed within 30 days of the date the judgment was signed, or by August 10, 2020. The clerk's record indicates that appellant filed her notice of appeal on August 6, 2020. Accordingly, this Court has jurisdiction over this appeal and we **deny** appellee's motion to dismiss. We further **dismiss as moot** appellee's motion to expedite ruling on the motion to dismiss.

The court reporter filed notices of nonpayment on June 15, 2021 and June 21, 2021. On June 30, 2021, appellant filed a motion in opposition to dismissal for nonpayment for the reporter's record, but this Court does not dismiss appeals for failure to file the reporter's record. Accordingly, we **deny** appellant's motion in opposition.

Because appellant has not made financial arrangements for the filing of the reporter's record, the Court will consider and decide those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c) (stating that, if clerk's record has been filed, appellate court may consider and decide those issues or points that do not require a reporter's record). Appellant's brief is ordered filed **within 30 days of the date of this order**.

It is so ORDERED.


Judge's signature: _____/s/ Peter Kelly_____
☑ Acting individually    ☐ Acting for the Court


Date:  __July 8, 2021_____